Brandon Wyman, Esq., SBN: 279171
**WYMAN LAW GROUP**
515 S. Flower St., 18th Fl
Los Angeles, California 90071
Telephone: (213) 600-2001
Email: brandon@wyman.law

Attorneys for Plaintiffs J.J. and
Melissa Jennings

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| | |
|---|---|
| J.J., a minor, by and through his Guardian Ad Litem, OSCAR ACOSTA; MELISSA JENNINGS, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CHINO VALLEY UNIFIED SCHOOL DISTRICT; COUNTY OF RIVERSIDE; COUNTY OF SAN BERNARDINO and DOES 1 through 50, <br><br> Defendants. | CASE NO. CIVRS2400295 <br> **SECOND AMENDED COMPLAINT FOR DAMAGES** <br><br> 1. Negligence <br> 2. Negligent Hiring, Supervision, and Retention <br> 3. Negligence Per Se <br> 4. Violation of California Education Code §32281 and §32282, et seq. <br> 5. Violation of California Government Code §1222 <br> 6. Violation of California Family Code §6383 <br> 7. Violation of Federal Civil Rights (42 U.S.C. §1983 <br> 8. Civil Code §52, Et Seq. Civil Rights Violations <br><br> **DEMAND FOR JURY TRIAL** |

**COME NOW PLAINTIFFS AND ALLEGE ON INFORMATION AND BELIEF:**

## INTRODUCTION

1.    Plaintiffs Melissa Jennings and her minor child J.J., by and through his Guardian Ad Litem OSCAR ACOSTA (hereinafter collectively "PLAINTIFFS"), seek damages against Defendant Chino Valley Unified School District for its gross failure to protect one of its Kindergarten students at Oak Ridge Elementary School when its staff handed the minor child over to a child abductor during school hours, and

allowed him to kidnap the child for a period of days, causing PLAINTIFFS serious physical, emotional, and psychological injury.

2.      PLAINTIFFS also seek damages against Defendants County of Riverside and the County of San Bernardino, after both sheriff's departments permitted the child abductor to continue his abduction of the Minor Child J.J., despite both Defendants knowing the location of the child and knowing that the child abductor was in violation of active restraining orders meant to protect the child, senselessly prolonging the kidnapping and magnifying PLAINTIFFS physical, emotional, and psychological injuries.

## THE PARTIES

3.      Plaintiff MELISSA JENNINGS ("Plaintiff Jennings"), an individual, is and was at all times mentioned herein, a resident of the City of Chino Hills, California in San Bernardino County.

4.      Plaintiff J.J. ("Minor Child J.J."), a minor, by and through guardian ad litem Oscar Acosta, is and was at all times mentioned herein, a resident of the City of Chino Hills, California in San Bernardino County.

5.      PLAINTIFFS are informed, believe, and thereupon allege, that at all times herein mentioned,  Defendant CHINO VALLEY UNIFIED SCHOOL DISTRICT (hereafter referred to as "CVUSD"), and DOES 1 through 5 inclusive, is and was at all times mentioned herein, a public school district located in San Bernardino County receiving state funds, organized and existing under the laws of the State of California, and responsible for providing public education and a safe learning environment to District students.

6.      PLAINTIFFS are informed, believe, and thereupon allege, that at all times herein mentioned,  Defendant COUNTY OF SAN BERNARDINO ("SAN BERNARDINO COUNTY"), and DOES 6 through 10 inclusive, is a duly constituted governmental entity in the State of California, and is ultimately responsible for the management and operation of and exerted control over the San Bernardino County Sheriff's Department, including its officers who responded to the events herein alleged.

7.      PLAINTIFFS are informed, believe, and thereupon allege, that at all times herein mentioned,  Defendant COUNTY OF RIVERSIDE ("RIVERSIDE COUNTY"), and DOES 11 through 15 inclusive,  is a duly constituted governmental entity in the State of California, and is ultimately responsible

**SECOND AMENDED COMPLAINT FOR DAMAGES**

for the management and operation of and exerted control over the Riverside County Sheriff's Department, including its officers who responded to the events herein alleged.

8.      CVUSD, SAN BERNARDINO COUNTY, RIVERSIDE COUNTY, and Defendants DOES 1 through 50 are collectively referred to as DEFENDANTS herein.

9.      The true names and/or capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 50, inclusive, and each of them, are unknown to PLAINTIFFS, who therefore sues said Defendants by such fictitious names pursuant to California Code of Civil Procedure § 474. PLAINTIFFS are informed and believe, and upon such information and belief allege, that each of the Defendants fictitiously named herein as a Doe is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and proximately caused the damages to PLAINTIFFS hereinafter alleged. PLAINTIFFS will seek leave of court to amend this Complaint to assert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

10.      PLAINTIFFS are informed and believe and thereon allege that at all times relevant hereto each of the DEFENDANTS, including without limitation the Doe Defendants, was the agent, affiliate, officer, director, manager, principal, alter-ego, joint-venturer and/or employee of the other Defendants and were at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment and actively participated in, or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and all of the violations of PLAINTIFFS rights and the damages to PLAINTIFFS directly and/or proximately caused thereby.

11.      At all times herein mentioned, DEFENDANTS, and DOES 1 through 50, were the agents and/or employees of each of the remaining DEFENDANTS, and in such capacity were responsible for the maintenance and condition of the premises where PLAINTIFF was injured.  In doing the things hereinafter alleged, DEFENDANTS, and DOES 1 through 50 were acting within the course and scope of such agency and employment.

**SECOND AMENDED COMPLAINT FOR DAMAGES**

**JURISDICTION AND VENUE**

12.    This Court has jurisdiction over this matter because DEFENDANTS conduct business in the State of California.  Additionally, PLAINTIFFS are residents of the State of California.

13.    Venue is proper in the County of San Bernardino pursuant to Section 395(a) of the *Code of Civil Procedure.*  DEFENDANTS, and each of them, are systematically doing business, under the laws of California, on a regular basis in the County of San Bernardino, State of California, and the events alleged herein occurred in the County of San Bernardino.

**GENERAL ALLEGATIONS**

14.    At all times herein mentioned DEFENDANT CHINO VALLEY UNIFIED SCHOOL DISTRICT (hereinafter "CVUSD") operated and/or controlled Oak Ridge Elementary School located at 5452 Valle Vista Drive, Chino Hills, CA 91709 (hereinafter "Oak Ridge Elementary") in the County of San Bernardino.

15.    Oak Ridge Elementary is a pre-K through 6th grade public elementary school within the Chino Valley Unified School District.  During the 2023-2024 school year, Kindergarten students were in school from 7:48 a.m. to 11:06 a.m. There were approximately twenty-five kindergarten students taught by one teacher.

16.    At all times herein mentioned, it was Oak Ridge Elementary's and CVUSD's stated policy that "[t]he school will make every attempt to reach the custodial parent when a parent or any other person not listed on the emergency card attempts to pick up a child."

17.    The CVUSD Parental Handbook states that An Emergency Contacts binder is maintained in the office of each public school, to be used for day-to-day student release.  The CVUSD Parental Handbook indicates "Students will only be released to the person whose name appears on the Emergency Contact List."  The CVUSD Parental Handbook further directs parents that it is "extremely important that the contact information is filled out completely through Aeries Parent Portal," and to "input ALL names, address, and telephone numbers of the individuals authorized to pick up your child(ren)," and directs parents to "update your student(s) emergency contacts through Aeries Parent Portal should changes occur."  The CVUSD

**SECOND AMENDED COMPLAINT FOR DAMAGES**

Parental Handbook requires that the person picking up a child must have a valid picture I.D. with the name that matches the name on the emergency contact list.

18.     At all times herein mentioned, David Reis was the Principal of Oak Ridge Elementary.

19.     At all times herein mentioned, Sukaina Husain was the Assistant Principal of Oak Ridge Elementary.

20.     In July 2023, prior to the start of the 2023-2024 school year, Plaintiff Ms. Jennings registered Plaintiff Minor Child J.J. in the Chino Valley Unified School District to attend Kindergarten at Oak Ridge Elementary.

21.     Prior to the start of the 2023-2024 school year, Plaintiff Ms. Jennings logged into the Aeries Parent Portal and entered herself as Parent/Guardian #1 of Minor Child J.J. and entered her mother, Minor Child J.J.'s maternal grandmother as Parent/Guardian #2.  In addition to these two contacts Plaintiff Ms. Jennings added Minor Child J.J.'s maternal side-aunt as the only additional emergency contact permitted to pick up Minor Child J.J.

22.     Ms. Jennings entered herself as the only person permitted to receive information regarding the Minor Child J.J.

23.     Oak Ridge Elementary confirmed Minor Child J.J.'s enrollment in July 2023.

24.     At no time did Plaintiff Ms. Jennings or any other authorized person add another person to the emergency contact list or permit another person to pick up Minor Child J.J.

25.     On information and belief, in violation of CVUSD and Oak Ridge Elementary policy and in breach of the duty owed to PLAINTIFFS, Defendant CVUSD by and through the principal, assistant principal, and administrative staff of Oak Ridge Elementary performed the ministerial duty of adding an individual to Plaintiff Minor Child J.J.'s emergency contact list without informing the child's mother Plaintiff Ms. Jennings, or any other emergency contact, and without seeking authorization from the registered parent of Plaintiff Minor Child J.J. or any other person already and properly included in Plaintiff Minor Child J.J.'s emergency contact list, a breach of a mandatory duty enacted by statute.

26.     On the next school day, during school hours, Defendant CVUSD permitted and facilitated the abduction of Plaintiff Minor Child J.J. from Oak Ridge Elementary, handing Plaintiff Minor Child J.J.  over

to the Child Abductor who held Plaintiff Minor Child J.J. captive for three days, causing PLAINTIFFS physical, emotional, and psychological injury, which is ongoing.

27.    At no time did Defendant CVUSD or any staff person of Oak Ridge Elementary inform Plaintiff Ms. Jennings, or anyone else, that a new person had been added to Plaintiff Minor Child J.J.'s emergency contact list prior to his abduction.

28.    August 7, 2023 was Minor Child J.J.'s first day of Kindergarten at Oak Ridge Elementary.

29.    On August 11, 2023, because of a minor heat rash on Minor Child J.J., he was sent home from Defendant CVUSD's Oak Ridge Elementary with his mother Plaintiff Ms. Jennings, informing Ms. Jennings that children displaying a rash cannot attend school until the rash was cleared.

30.    On information and belief, later that day on August 11, 2023 a man (hereinafter "Child Abductor") entered Oak Ridge Elementary in an attempt to abduct Minor Child J.J.

31.    On information and belief, Defendant CVUSD employee and office manager and secretary for the Principal of Oak Ridge Elementary Kimm Sanchez informed the Child Abductor that the Minor Child J.J. was no longer present at school that day.  Defendant CVUSD's employee then added the Child Abductor to the Emergency Contact List for Minor Child J.J. without informing anyone.

32.    Neither the office manager nor any other staff member at Oak Ridge Elementary or employee of Defendant CVUSD or attempted to contact Plaintiff Ms. Jennings, Minor Child J.J.'s registered parent, or anyone else already on the Emergency Contact List, to inform her that a person who not on the Emergency Contact List had attempted to take the Minor Child J.J. in the middle of class or that they added this person to Minor Child J.J.'s Emergency Contact List.

33.    At no time did Plaintiff Minor Child J.J.'s mother Ms. Jennings or anyone else registered with Defendant CVUSD's parent portal authorize the addition of the Child Abductor to the Emergency Contact List.

34.    The next school day, Monday August 14, 2023 at 7:45 a.m., Plaintiff Ms. Jennings accompanied Plaintiff Minor Child J.J., whose heat rash had cleared, to the Oak Ridge Elementary nurse to be cleared to attend school.  Plaintiffs Ms. Jennings and Minor Child J.J. waited approximately 45 minutes in the administrative office until the nurse arrived on the campus at 8:30 a.m. Minor Child J.J.'s had placement testing scheduled between 11:00 a.m. to 12:30 p.m. after the morning class that day.

6

**SECOND AMENDED COMPLAINT FOR DAMAGES**

35.     On information and belief, at this time Defendant CVUSD employee and Oak Ridge Elementary Principal David Reis, Defendant CVUSD employee and Oak Ridge Elementary Assistant Principal Sukaina Husain, Defendant CVUSD employee and Oak Ridge Elementary office manager and secretary for the Principal Kimm Sanchez, and Defendant CVUSD employee and Oak Ridge Elementary Attendance Clerk Lizette Quevedo were all present either in the office or elsewhere on campus, as were other Defendant CVUSD employees and Oak Ridge Elementary staff.

36.     While PLAINTIFFS waited in the administrative office, not a single Oak Ridge Elementary staff member or CVUSD employee attempted to inform Plaintiff Ms. Jennings that a man previously unknown to Oak Ridge Elementary teachers and staff and not on the Emergency Contact List had attempted take the Minor Child J.J. from campus the prior school day, or that the man had been added to the Emergency Contact List.

37.     The school nurse released Minor Child J.J. back to class at approximately 8:35 a.m.

38.     On information and belief, approximately ten minutes after Minor Child J.J. was dropped off by his mother and escorted to his class, the Child Abductor entered the Oak Ridge Elementary administrative office and Defendant CVUSD willingly and without question or attempt to contact Plaintiff Ms. Jennings, pulled the Minor Child J.J. out of class, handed the child over to the Child Abductor, and allowed the Child Abductor to take the Plaintiff Minor Child J.J. away.

39.     Oak Ridge Elementary staff and CVUSD employees failed to perform the ministerial duty of informing Ms. Jennings, or any other person registered with CVUSD and/or entered in the Aeries Parent Portal as Minor Child J.J.'s registered parent or guardian, that an individual not previously on the Emergency Contact List had attempted to take the Minor Child J.J. or that they had allowed the Child Abductor to take Plaintiff Minor Child J.J. from campus, a breach of a mandatory duty enacted by statute.

40.     CVUSD employees / Oak Ridge Elementary staff were grossly negligent in ignoring the obvious impropriety of Minor Child J.J. being picked up by a man not registered on the Aeries Parent Portal only ten minutes after his drop-off, particularly when the Minor Child J.J. had placement testing appointment at the school later that day.

41.    No CVUSD employee and/or Oak Ridge Elementary staff attempted to contact Plaintiff Ms. Jennings or any other person entered in the Aeries Parent Portal as Minor Child J.J.'s registered parent and guardian to inform them that Minor Child J.J. had missed his placement testing appointment.

42.    At approximately 12:30 p.m., Plaintiff Ms. Jennings arrived on campus to pick up her son Minor Child J.J. following the scheduled completion of his placement testing.  Defendant CVUSD employee and Oak Ridge Elementary staff member informed Plaintiff Ms. Jennings that her child, Plaintiff Minor Child J.J., had been handed over to the Child Abductor approximately ten minutes after being dropped off.

43.    Defendant SAN BERNARDINO COUNTY's Chino Hills Sheriff's Department officers were called and Plaintiff Ms. Jennings filed a missing person report and informed officers that a current criminal restraining order against Child Abductor prevented him from coming within 100 yards of the Minor Child J.J. and that Minor Child J.J. was at risk of serious injury or death.

44.    Defendant SAN BERNARDINO COUNTY's Chino Hills Sheriff's Department officers thereafter informed Plaintiff Ms. Jennings that they contacted the Child Abductor who confirmed that he had the Minor Child J.J. in his custody.

45.    Despite knowledge of the Child Abductor's location and that the Child Abductor held Minor Child J.J., and despite having knowledge of and access to the Criminal Protective Order requiring the Child Abductor stay 100 yards away from the Minor Child J.J., Defendant SAN BERNARDINO COUNTY's Sheriff's Department officers failed to perform their ministerial and mandatory duty of enforcing the Criminal Protective Order and pursue the Child Abductor at his residence or attempt to rescue Plaintiff Minor Child J.J., thereby prolonging Minor Child J.J.'s abduction and directly and proximately causing PLAINTIFFS additional and avoidable physical, emotional, and psychological harm.

46.    Defendant SAN BERNARDINO COUNTY's Chino Hills Sheriff's Department officers provided Plaintiff Ms. Jennings with the Child Abductor's address but refused to go to rescue the child, instead instructing Plaintiff Ms. Jennings to wait until the District Attorney Child Abduction Unit contacted her.   Defendant SAN BERNARDINO COUNTY's Chino Hills Sheriff's Department officers refused to provide Plaintiff Ms. Jennings the phone number for the District Attorney Child Abduction Unit, insisting she wait to be called.

47.     As a legal, direct, and proximate result of Defendant SAN BERNARDINO COUNTY's Sheriff's Department negligence and failure to perform their ministerial and mandatory duty of enforcing the Criminal Protective Order protecting Plaintiff Minor Child J.J., and their refusal to further assist Plaintiff Ms. Jennings to rescue her son, PLAINTIFFS suffered additional and avoidable physical, emotional, and psychological harm.

48.     While waiting for the District Attorney Child Abduction Unit to contact her, Plaintiff Ms. Jennings contacted Oak Ridge Elementary, the Superintendent for Defendant CVUSD, Defendant CVUSD, the district attorney's office, National Center for Missing and Exploited Children, and Riverside County law enforcement to beg for help to rescue her son.

49.     Defendant CVUSD's employee and Oak Ridge Elementary Attendance Clerk Lizette Quevedo informed Plaintiff Ms. Jennings that Oak Ridge Elementary had added the Child Abductor to Minor Child J.J.'s Emergency Contact List on August 11, 2024 and failed to inform her of the change.

50.     Ms. Jennings demanded the Child Abductor to be removed from the Emergency Contact List.

51.     Plaintiff Ms. Jennings contacted Defendant RIVERSIDE COUNTY's Sheriff's Department to perform a welfare check at the Child Abductor's address; however, Defendant RIVERSIDE COUNTY's Sheriff's Department refused to do so, insisting that Defendant SAN BERNARDINO COUNTY's Sheriff's Department first confirm the abduction, failing to perform their ministerial duty of enforcing the Criminal Protective Order, a breach of a mandatory duty enacted by statute.  Defendant SAN BERNARDINO COUNTY's Sheriff's Department refused to confirm the abduction.

52.     As a legal, direct, and proximate result of Defendant SAN BERNARDINO COUNTY's Sheriff's Department's negligence and failure to perform their ministerial and mandatory duty to confirm an abduction had occurred, PLAINTIFFS suffered additional and avoidable physical, emotional, and psychological harm.

53.     As a legal, direct, and proximate result of Defendant RIVERSIDE COUNTY's Sheriff's Department's negligence and failure to perform their ministerial and mandatory duty of enforcing the Criminal Protective Order and rescuing Plaintiff Minor Child J.J. and refusal to further assist Plaintiff Ms. Jennings to rescue her son, PLAINTIFFS suffered additional and avoidable physical, emotional, and psychological harm.

54.    On August 15, 2024, while the Minor Child J.J. was still abducted, Defendant CVUSD employee and Oak Ridge Elementary Attendance Clerk Lizette Quevedo called Plaintiff Ms. Jennings to inform her that the Minor Child J.J. was not present in school and it would be counted as an unexcused absence.

55.    As a legal, direct, and proximate result of Defendant CVUSD's negligence and cruel and oppressive conduct, finally contacting Plaintiff Ms. Jennings, but only to penalize PLAINTIFFS for Minor Child J.J.'s absence from school despite being aware that the child had been abducted as a result of CVUSD's own negligence, PLAINTIFFS suffered additional and avoidable physical, emotional, and psychological harm.

56.    On August 15, 2024, Plaintiff Ms. Jennings filed for and obtained an additional restraining order from the San Bernardino Superior Court protecting Minor Child J.J. from the Child Abductor praying a second restraining order would inspire Defendants RIVERSIDE COUNTY's Sheriff's Department and SAN BERNARDINO COUNTY's Sheriff's Department to action to protect the Minor Child J.J.

57.    Plaintiff Ms. Jennings communicated the second restraining order to law enforcement, including but not limited to Defendants RIVERSIDE COUNTY's Sheriff's Department and SAN BERNARDINO COUNTY's Sheriff's Department.

58.    Plaintiff Ms. Jennings also directed a friend and paralegal Katherine Schwenke to the Child Abductor's address which had been provided by Defendant SAN BERNARDINO COUNTY's County Sheriff's Department officers.

59.    Katherine Schwenke identified the Child Abductor with the Minor Child J.J. in a car by the address.  Defendant RIVERSIDE COUNTY's Sheriff's Department was called and the location of the Child Abductor and Minor Child J.J. was reported.

60.    Defendant RIVERSIDE COUNTY's Sheriff's Department officers located and confirmed the Minor Child J.J. was in the Child Abductor's vehicle.

61.    Katherine Schwenke described to Defendant RIVERSIDE COUNTY's Sheriff's Department officers the abduction, the two current restraining orders protecting the Minor Child J.J. from the Child Abductor, and the Court orders that the Child Abductor not come within 100 yards of the Minor Child J.J.

62.     Defendant RIVERSIDE COUNTY's Sheriff's Department officers ignored the two restraining orders and failed to perform their ministerial duty of enforcing the orders and permitted the Child Abductor to leave with Minor Child J.J. , a breach of a mandatory duty enacted by statute.

63.     As a legal, direct, and proximate result of Defendant RIVERSIDE COUNTY's Sheriff's Department gross negligence failure to perform their ministerial and mandatory duty of enforcing the protective orders and refusal to rescue the Minor Child J.J. from the Child Abductor or fulfill their duties as law enforcement officers, the Minor Child J.J.'s abduction was needlessly and senselessly prolonged and PLAINTIFFS suffered additional and avoidable physical, emotional, and psychological harm.

64.     On August 16, 2024, while the Minor Child J.J. was still abducted, Defendant CVUSD employee and Oak Ridge Elementary Attendance Clerk Lizette Quevedo contacted Plaintiff Ms. Jennings to inform her that the Minor Child J.J. was not present in school and it would be counted as an unexcused absence.

65.     As a legal, direct, and proximate result of Defendant CVUSD's negligence and cruel and oppressive conduct penalizing PLAINTIFFS for Minor Child J.J.'s absence from school, PLAINTIFFS suffered additional and avoidable physical, emotional, and psychological harm.

66.     On August 16, 2024, District Attorney Child Abduction Unit contacted Plaintiff Ms. Jennings and after confirming the two active restraining orders, contacted Defendant RIVERSIDE COUNTY's Sheriff's Department to demand assistance in recovering Plaintiff Minor Child J.J.

67.     On information and belief, Defendant RIVERSIDE COUNTY's Sheriff's Department found Plaintiff Minor Child J.J. in great distress, at Child Abductor's residential address which they at all times relevant had known of, and at last returned Plaintiff Minor Child J.J. to his mother Plaintiff Ms. Jennings.

68.     Upon being reunited, Plaintiff Ms. Jennings observed that Plaintiff Minor Child J.J. was severely traumatized and in shock, dirty, and wearing the same clothes as earlier that week, exhibiting signs of severe distress.

69.     Plaintiff Minor Child J.J. reported being kept in a dark closet with scary noises outside while he was abducted.

70.     As a legal, direct, and proximate result of Defendant CVUSD's gross negligence, Defendant SAN BERNARDINO COUNTY's gross negligence, and Defendant RIVERSIDE COUNTY'S gross

negligence, and Defendants', and each of them's, failure to perform their ministerial and mandatory duties, Plaintiff Minor Child J.J. was malnourished, and suffered and continues to suffer from frequent nightmares, Post Traumatic Stress Disorder, and severe physical, emotional, and psychological injury.

71.     As a legal, direct, and proximate result of Defendant CVUSD's gross negligence, Defendant SAN BERNARDINO COUNTY's gross negligence, and Defendant RIVERSIDE COUNTY'S gross negligence, and Defendants', and each of them's, failure to perform their ministerial and mandatory duties, Plaintiff Ms. Jennings suffered and continues to suffer severe emotional, and psychological injury.

72.     On August 17, 2024, hours after the Minor Plaintiff Child J.J. was reunited with his mother, Defendant CVUSD employee and Oak Ridge Elementary Attendance Clerk Lizette Quevedo contacted Plaintiff Ms. Jennings to inform her that Minor Child J.J. was not present in school and it would be counted as an unexcused absence.

73.     As a legal, direct, and proximate result of Defendant CVUSD's gross negligence and cruel and oppressive conduct penalizing PLAINTIFFS for Minor Child J.J.'s absence, PLAINTIFFS suffered additional and avoidable physical, emotional, and psychological harm.

74.     On November 28, 2023 Plaintiff Ms. Jennings contacted Defendant CVUSD employee and Oak Ridge Elementary office manager and secretary for the Principal Kimm Sanchez who denied that the Child Abductor had been added to the Emergency Contact List.

75.     On May 15, 2024 Defendant CVUSD employee and Oak Ridge Elementary office manager and secretary for the Principal Kimm Sanchez refused Plaintiff Ms. Jennings's formal request for a copy of Minor Child J.J.'s school file, in violation of the United States Family Education Rights and Privacy Act.

## **FIRST CAUSE OF ACTION**
## **NEGLIGENCE**
### **(By PLAINTIFFS against all DEFENDANTS)**

76.     PLAINTIFFS allege and incorporate by reference as though fully set forth at length each and every allegation contained in the preceding paragraphs of this complaint.

77.     PLAINTIFFS are informed, believe, and thereupon allege, that at all times herein mentioned, Defendant CVUSD and DOES 1 through 5 was the entity that was ultimately responsible for the

management and operation of and exerted control over Oak Ridge Elementary and was ultimately responsible for the health and wellbeing of the students of Oak Ridge Elementary, including Plaintiff Minor Child J.J.

78.     PLAINTIFFS are informed, believe, and thereupon allege, that at all times herein mentioned,  Defendant SAN BERNARDINO COUNTY and DOES 6 through 10 was the entity that was ultimately responsible for the management and operation of and exerted control over the San Bernardino County Sheriff's Department and was ultimately responsible for the health and wellbeing of people within its jurisdiction, including PLAINTIFFS.

79.     PLAINTIFFS are informed, believe, and thereupon allege, that at all times herein mentioned,  Defendant RIVERSIDE COUNTY and DOES 11 through 15 was the entity that was ultimately responsible for the management and operation of and exerted control over the Riverside County Sheriff's Department and was ultimately responsible for the health and wellbeing of people within its jurisdiction, including PLAINTIFFS.

80.     School districts and their employees owe a duty under California law and California Constitution to supervise the conduct of the children on the school grounds and to enforce those rules and regulations necessary for their protection.

81.     On or about August 14, 2023, DEFENDANT CVUSD and DOES 1 through 5, and each of them, so negligently supervised, controlled, managed, and/or maintained their operations, including but not limited to Oak Ridge Elementary and its premises and staff, so as to directly and proximately cause PLAINTIFFS' permanent injuries and damages.

82.     On or about August 14, 2023, DEFENDANT SAN BERNARDINO COUNTY and DOES 6 through 10, and each of them, so negligently supervised, controlled, managed, and/or maintained their operations, including but not limited to the San Bernardino County Sheriff's Department, including but not limited to its officers and staff, so as to directly and proximately cause PLAINTIFFS permanent injuries and damages.   DEFENDANT SAN BERNARDINO COUNTY and DOES 6 through 10, and each of them, failed to perform their ministerial duty of enforcing a valid restraining order, a breach of a mandatory duty enacted by statute.

83.     DEFENDANT SAN BERNARDINO COUNTY and DOES 6 through 10, and each of them, were also negligent in performance of their investigation after deciding to investigate.

84.    On or about August 14, 2023, DEFENDANT RIVERSIDE COUNTY and DOES 11 through 15, and each of them, so negligently controlled, managed, and/or maintained their operations, including but not limited to the Riverside County Sheriff's Department, including but not limited to its officers and staff, so as to proximately cause PLAINTIFFS permanent injuries and damages.   DEFENDANT RIVERSIDE COUNTY and DOES 11 through 15, and each of them, failed to perform their ministerial duty of enforcing a valid restraining order, a breach of a mandatory duty enacted by statute.

85.    DEFENDANT RIVERSIDE COUNTY and DOES 11 through 15, and each of them, were also negligent in performance of their investigation after deciding to investigate.

86.    DEFENDANTS, and each of them, are liable to PLAINTIFFS for the acts of its public employees for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2 and are vicariously liable for the actions and omissions of their employees.

87.    DEFENDANTS, and each of them, owed PLAINTIFFS a duty to protect them from harm when reasonably able to do so, and to cause no physical, psychological, or emotional harm to innocent people within their jurisdictional boundaries and/or facilities. Further, DEFENDANTS, and each of them, owed PLAINTIFFS a duty to adequately train and/or supervise their employees to conduct themselves in a reasonable and reasonably safe manner so as not to cause needless harm to others.

88.    DEFENDANT CVUSD and DOES 1 through 5, and each of them, owed a duty to PLAINTIFFS as the student and parent of a student of Oak Ridge Elementary to create, disseminate, and uphold policies and procedures for the safety of Oak Ridge Elementary students and make necessary revisions as required and to keep and maintain the Oak Ridge Elementary grounds secure for the use of students and their families, including PLAINTIFFS.

89.    DEFENDANTS SAN BERNARDINO COUNTY and DOES 6 through 10 and DEFENDANT RIVERSIDE COUNTY and DOES 11 through 15, and each of them, owed a duty to PLAINTIFFS as citizens of and within San Bernardino County to create, disseminate, and uphold policies and procedures to enable their respective sheriff's departments to act, without delay, upon receiving information that a child residing in the county and/or within the county was abducted and/or that one or

more active restraining orders protecting a child residing in the county and/or within the county was being violated and to protect such vulnerable people, including PLAINTIFFS, from danger.

90.    DEFENDANTS, and each of them, breached the aforementioned duties owed to PLAINTIFFS when they so grossly negligently and carelessly permitted, authorized, sanctioned, allowed, facilitated, and/or failed to act to prevent the abduction and extended kidnapping of Plaintiff Minor Child J.J. in violation of DEFENDANTS' respective duties owed to PLAINTIFFS.

91.    DEFENDANTS' breach of the aforementioned duties and their failure to use reasonable care were substantial factors in causing PLAINTIFF to sustain the injuries herein alleged.

92.    DEFENDANTS' actions were despicable and were undertaken with conscious disregard of PLAINTIFFS's rights, including DEFENDANT CVUSD and DOES 1 through 5, and each of them, permitting a stranger to add himself to Plaintiff Minor Child J.J.'s Emergency Contact list without informing any previously registered guardian or emergency contact of the change, pulling Plaintiff Minor Child J.J. from class mere minutes after being dropped off, permitting the Minor Child J.J.'s abduction without attempting to notify the child's mother, and thereafter harassing Plaintiff Ms. Jennings and disadvantaging Minor Child J.J. by categorizing the absence as truancy; and including DEENDANTS SAN BERNARDINO COUNTY and DOES 6 through 10 and DEFENDANT RIVERSIDE COUNTY and DOES 11 through 15, and each of them, permitting the Child Abductor, a known violator of two separate restraining orders which existed to keep the Child Abductor away from Plaintiff Minor Child J.J., to continue violating those orders with impunity, willfully magnifying the danger and harm to PLAINTIFFS.

93.    DEFENDANTS, and each of them, were at all times alleged herein, aware of each of their actions, condoned and permitted those actions to occur, and thereafter ratified those actions, including by refusing to assist Plaintiff Ms. Jennings in retrieving her son from the Child Abductor, forcing Plaintiff Ms. Jennings to take unnecessary steps and to obtain assistance, and preventing PLAINTIFFS from obtaining the information necessary to keep PLAINTIFFS safe in the future.

94.    DEFENDANTS, and each of them, knew, or should have known, that their failure to exercise due care during the times alleged herein, and their failure to hire and/or supervise those acting on their behalf and at their direction would cause persons such as PLAINTIFFS severe emotional and physical distress.

95.     As a direct, legal, and proximate result of DEFENDANTS', and each of them's acts and/or omissions, as alleged herein, PLAINTIFFS sustained severe and serious emotional distress and injury to their persons as direct victims, including but not limited to severe emotional distress, all to PLAINTIFFS' damage in a sum within the jurisdiction of this court and to be shown according to proof and DEFENDANTS' acts and/or omissions were substantial factors in causing PLAINTIFFS' severe and serious emotional distress.

96.     DEFENDANTS' conduct was either intended to cause PLAINTIFFS severe and serious emotional distress or was done with such reckless disregard of the probability that PLAINTIFFS would suffer psychological and/or emotional injury, knowing that PLAINTIFFS were present when the conduct occurred.

97.     DEFENDANTS, and each of them, are liable to PLAINTIFFS for the acts of its public employees for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2.

98.     PLAINTIFF MELISSA JENNINGS sustained direct severe and serious emotional distress and injury to her persons as a result of DEFENDANTS SAN BERNARDINO COUNTY and RIVERSIDE COUNTY breaches of duty owed to her as both the victim of the breach of the restraining order they refused to enforce and as the parent of a protected party PLAINTIFF J.J. and as a protected party herself. PLAINTIFF J.J. also sustained direct severe and serious emotional distress and injury to his persons as a result of DEFENDANTS SAN BERNARDINO COUNTY and RIVERSIDE COUNTY breaches of duty owed to him as both the victim of the breach of the restraining order they refused to enforce and as a protected party of that restraining order, and as a result of DEFENDANT CVUSD's breach of duty owed to him.

99.     PLAINTIFFS MELISSA JENNINGS sustained direct severe and serious emotional distress and injury to her persons as a by-stander to DEFENDANTS' breaches of duty which were owed to both her as a parent of the Chino Hills Unified School District, a citizen of San Bernardino County and Riverside County, and as a protected party in the restraining order DEFENDANTS SAN BERNARDINO COUNTY and RIVERSIDE COUNTY refused to enforce.  PLAINTIFFS MELISSA JENNINGS was located near and/or at the scene of each of the DEFENDANTS' breaches of duty owed to PLAINTIFF J.J., was impacted

**SECOND AMENDED COMPLAINT FOR DAMAGES**

directly by DEFENDANTS' breaches of duty, and her emotional distress resulted from a direct emotional impact from the sensory and contemporaneous observance of each of the DEFENDANTS' breaches of duty.

100.    As a legal, direct, and proximate result of the negligence and gross negligence of DEFENDANTS, and each of them, PLAINTIFFS sustained severe and serious injuries to their persons, suffered general damages according to proof, and were hurt and injured in their psychological, physical, and emotional health, all of which injuries have caused and continue to cause PLAINTIFFS great mental, emotional, and physical pain, discomfort, and detriment.

101.    As a further legal, direct, and proximate result of the negligence of DEFENDANTS, and each of them, PLAINTIFFS have incurred and will continue to incur medical and other related expenses in an amount to be shown according to proof.

102.    As a further legal, direct, and proximate result of the negligence of DEFENDANTS, and each of them, PLAINTIFFS have incurred and will continue to incur loss of earning capacity.

## SECOND CAUSE OF ACTION
## NEGLIGENT SUPERVISION/RETENTION
### (By PLAINTIFFS against all DEFENDANTS)

103.    PLAINTIFFS allege and incorporate by reference as though fully set forth at length each and every allegation contained in the preceding paragraphs of this complaint.

104.    DEFENDANTS, and each of them, had a duty to PLAINTIFFS to hire and train staff members, officers, and agents that are otherwise competent and specifically trained to prevent injuries to those in their charge and to whom they owe a duty, including PLAINTIFFS.

105.    DEFENDANTS, and each of them, failed and refused to properly hire, screen, train, and/or supervise staff members, officers, and agents to carry out duties in a manner that was competent.

106.    As a direct, legal, and proximate result of DEFENDANTS', and each of them, failure, PLAINTIFFS were injured and suffered damages and will suffer damages in the future as explained more fully herein.

107.    DEFENDANTS, and each of them, are liable to PLAINTIFFS for the acts of its public employees for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2.

108.    Therefore, PLAINTIFFS demand judgment of DEFENDANTS for damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## NEGLIGENCE PER SE

### (By PLAINTIFFS against all DEFENDANTS)

109.    PLAINTIFFS allege and incorporate by reference as though fully set forth at length each and every allegation contained in the preceding paragraphs of this complaint.

110.    PLAINTIFFS allege that DEFENDANTS owed PLAINTIFFS a duty under the following statutory provisions, which are safety statutes; that these safety statutes and other safety statutes were grossly and negligently violated by DEFENDANTS; that PLAINTIFFS are within the class of persons that these safety statutes are designed to protect and that the abduction at issue and the injuries and harm that resulted are the type of occurrences and harm that the safety statutes were designed to prevent; that DEFENDANTS' violation of the safety statutes actually and legally, directly, and proximately caused PLAINTIFFS' injuries; that DEFENDANTS', and each of them, violation of the safety statutes detailed below was a substantial factor in bringing about PLAINTIFFS' harm; that DEFENDANTS, and each of them, ratified, condoned, authorized, and permitted the violations to occur and/or acted in conscious disregard for the probability that the violations would occur; and that the violations of the safety statutes allow PLAINTIFFS to invoke the doctrine of negligence per se.

111.    On information and belief, PLAINTIFFS allege that at all times mentioned herein, Defendant CVUSD and DOES 1 through 5, and each of them, violated California Education Code §§32280, *et seq.* (safety plan), which requires development of a "comprehensive school safety plan," "Identifying appropriate strategies and programs that will provide or maintain a high level of school safety and address the school's procedures for complying with existing laws related to school safety."

112.    On information and belief, PLAINTIFFS allege that at all times mentioned herein

**SECOND AMENDED COMPLAINT FOR DAMAGES**

DEFENDANTS SAN BERNARDINO COUNTY and DOES 6 through 10 and DEFENDANT RIVERSIDE COUNTY and DOES 11 through 15, and each of them, violated California Government Code §1222, which states: "willful omission to perform any duty enjoined by law upon any public officer, or person holding any public trust or employment, where no special provision is made for the punishment of such delinquency, is punishable as a misdemeanor."

113.    On information and belief, PLAINTIFFS allege that at all times mentioned herein DEFENDANTS SAN BERNARDINO COUNTY and DOES 6 through 10 and DEFENDANT RIVERSIDE COUNTY and DOES 11 through 15, and each of them, violated California Family Code sections 6383 and 6457, which state: "If there is more than one order issued and one of the orders is an emergency protective order that has precedence in enforcement pursuant to paragraph (1) of subdivision (c) of Section 136.2 of the Penal Code, the peace office shall enforce the emergency protective order."

114.    DEFENDANTS, and each of them, were at all times aware of each of their actions, condoned and permitted those actions to occur, and thereafter ratified those actions, including but not limited to allowing the Child Abductor to leave with the Plaintiff Minor Child J.J. from Oak Ridge Elementary, refusing to pursue the Child Abductor at his residence or attempt to rescue Plaintiff Minor Child J.J., refusing to enforce restraining orders intended to protect Plaintiff Minor Child J.J., and/or permitting the prolonging of the abduction of Plaintiff Minor Child J.J. despite knowing the location where Plaintiff Minor Child J.J. was being held and/or the existence of one or more protective orders protecting Plaintiff Minor Child J.J. from the Child Abductor.

115.    DEFENDANTS, and each of them, are liable to PLAINTIFFS for the acts of its public employees for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2.

116.    As an actual, direct, proximate, legal, and foreseeable result of DEFENDANTS' acts, omissions, and/or negligence, DEFENDANTS are liable for, and PLAINTIFFS are entitled to recover, their general, special, actual, and compensatory damages, including but not limited to their necessary medical and related expenses, past, present, and future, loss of future earning capacity, and mental, emotional and physical pain and suffering, in an amount presently unknown but which exceeds the minimal jurisdictional requirements of this Court, according to proof at the time of trial.

**SECOND AMENDED COMPLAINT FOR DAMAGES**

**FOURTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA EDUCATION CODE §32281 AND §32282, ET SEQ.**

**(By PLAINTIFFS against DEFENDANT CVUSD)**

117.    PLAINTIFFS allege and incorporate by reference as though fully set forth at length each and every allegation contained in the preceding paragraphs of this complaint.

118.    PLAINTIFFS allege that DEFENDANT CVUSD and DOES 1 through 5 ("CVUSD Defendants") owed PLAINTIFFS a duty under California Education Code sections 32281 and 32281, *et seq* ; that these safety statutes and other safety statutes were grossly and negligently violated by CVUSD Defendants; that PLAINTIFFS are within the class of persons that these safety statutes are designed to protect and that the abduction at issue and the injuries and harm that resulted are the type of occurrences and harm that the safety statutes were designed to prevent; that CVUSD Defendants' violation of the safety statutes actually and legally, directly, and proximately caused PLAINTIFFS' injuries; that CVUSD Defendants', and each of them's, violation of the safety statutes was a substantial factor in bringing about PLAINTIFFS' harm; that CVUSD Defendants, and each of them, ratified, condoned, authorized, and permitted the violations to occur and/or acted in conscious disregard for the probability that the violations would occur; and that the violations of the safety statutes allow PLAINTIFFS to bring the present action.

119.    On information and belief, PLAINTIFFS allege that at all times mentioned herein, CVUSD Defendants and each of them, violated California Education Code §§32281 and 32282, *et seq.* (safety plan), which requires development of a "comprehensive school safety plan," "Identifying appropriate strategies and programs that will provide or maintain a high level of school safety and address the school's procedures for complying with existing laws related to school safety."

120.    On information and belief, the CVUSD Defendants neither adopted nor implemented comprehensive safety plans for its schools that meet the requirements of Education Code section 32281, et seq. or 32282 et seq.

121.    CVUSD Defendants, and each of them, were at all times aware of each of their actions, condoned and permitted those actions to occur, and thereafter ratified those actions, including but not

limited to allowing the Child Abductor to leave with the Plaintiff Minor Child J.J. from Oak Ridge Elementary and/or permitting the prolonging of the abduction of Plaintiff Minor Child J.J.

122.   DEFENDANTS, and each of them, are liable to PLAINTIFFS for the acts of its public employees for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2.

123.   As an actual, direct, proximate, legal, and foreseeable result of DEFENDANTS' acts, omissions, and/or negligence, DEFENDANTS are liable for, and PLAINTIFFS are entitled to recover, their general, special, actual, and compensatory damages, including but not limited to their necessary medical and related expenses, past, present, and future, loss of future earning capacity, and mental, emotional and physical pain and suffering, in an amount presently unknown but which exceeds the minimal jurisdictional requirements of this Court, according to proof at the time of trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA GOVERNMENT CODE §1222

### (By PLAINTIFFS against DEFENDANTS

### SAN BERNARDINO COUNTY AND RIVERSIDE COUNTY)

124.   PLAINTIFFS allege and incorporate by reference as though fully set forth at length each and every allegation contained in the preceding paragraphs of this complaint

125.   On information and belief, PLAINTIFFS allege that at all times mentioned herein DEFENDANTS SAN BERNARDINO COUNTY and DOES 6 through 10 and DEFENDANT RIVERSIDE COUNTY and DOES 11 through 15 ("County Defendants"), and each of them, owed PLAINTIFFS a duty under California Government Code §1222, which states: "willful omission to perform any duty enjoined by law upon any public officer, or person holding any public trust or employment, where no special provision is made for the punishment of such delinquency, is punishable as a misdemeanor"; that this statute was grossly and negligently violated by County Defendants; that PLAINTIFFS are within the class of persons that this statute is designed to protect and that the prolonged abduction at issue and the injuries and harm that resulted are the type of occurrences and harm that the safety statutes were designed to prevent; that County Defendants' violation of the statute actually and

legally, directly, and proximately caused PLAINTIFFS' injuries; that County Defendants', and each of them's, violation of the statute was a substantial factor in bringing about PLAINTIFFS' harm; that County Defendants, and each of them, ratified, condoned, authorized, and permitted the violations to occur and/or acted in conscious disregard for the probability that the violations would occur; and that the violations of the statute allows PLAINTIFFS to bring the present action.

126.    County Defendants, and each of them, were at all times aware of each of their actions, condoned and permitted those actions to occur, and thereafter ratified those actions, including but not limited to allowing the Child Abductor to leave with the Plaintiff Minor Child J.J., refusing to pursue the Child Abductor at his residence or attempt to rescue Plaintiff Minor Child J.J., refusing to enforce restraining orders intended to protect Plaintiff Minor Child J.J., and/or permitting the prolonging of the abduction of Plaintiff Minor Child J.J. despite knowing the location where Plaintiff Minor Child J.J. was being held and/or the existence of one or more protective orders protecting Plaintiff Minor Child J.J. from the Child Abductor.

127.    DEFENDANTS, and each of them, are liable to PLAINTIFFS for the acts of its public employees for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2.

128.    As an actual, direct, proximate, legal, and foreseeable result of DEFENDANTS' acts, omissions, and/or negligence, DEFENDANTS are liable for, and PLAINTIFFS are entitled to recover, their general, special, actual, and compensatory damages, including but not limited to their necessary medical and related expenses, past, present, and future, loss of future earning capacity, and mental, emotional and physical pain and suffering, in an amount presently unknown but which exceeds the minimal jurisdictional requirements of this Court, according to proof at the time of trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA FAMILY CODE §6383

### (By PLAINTIFFS against DEFENDANTS

### SAN BERNARDINO COUNTY AND RIVERSIDE COUNTY)

129.    PLAINTIFFS allege and incorporate by reference as though fully set forth at length each

and every allegation contained in the preceding paragraphs of this complaint

130.     On information and belief, PLAINTIFFS allege that at all times mentioned herein DEFENDANTS SAN BERNARDINO COUNTY and DOES 6 through 10 and DEFENDANT RIVERSIDE COUNTY and DOES 11 through 15 ("County Defendants"), and each of them, owed PLAINTIFFS a duty under California Family Code sections 6383, which states: "If there is more than one order issued and one of the orders is an emergency protective order that has precedence in enforcement pursuant to paragraph (1) of subdivision (c) of Section 136.2 of the Penal Code, the peace office shall enforce the emergency protective order,"; that these statutes were grossly and negligently violated by County Defendants; that PLAINTIFFS are within the class of persons that statutes are designed to protect and that the prolonged abduction at issue and the injuries and harm that resulted are the type of occurrences and harm that the safety statutes were designed to prevent; that County Defendants' violation of the statute actually and legally, directly, and proximately caused PLAINTIFFS' injuries; that County Defendants', and each of them's, violation of the statutes were a substantial factor in bringing about PLAINTIFFS' harm; that County Defendants, and each of them, ratified, condoned, authorized, and permitted the violations to occur and/or acted in conscious disregard for the probability that the violations would occur; and that the violations of these statutes allow PLAINTIFFS to bring the present action.

131.     County Defendants, and each of them, were at all times aware of each of their actions, condoned and permitted those actions to occur, and thereafter ratified those actions, including but not limited to allowing the Child Abductor to leave with the Plaintiff Minor Child J.J., refusing to pursue the Child Abductor at his residence or attempt to rescue Plaintiff Minor Child J.J., refusing to enforce restraining orders intended to protect Plaintiff Minor Child J.J., and/or permitting the prolonging of the abduction of Plaintiff Minor Child J.J. despite knowing the location where Plaintiff Minor Child J.J. was being held and/or the existence of one or more protective orders protecting Plaintiff Minor Child J.J. from the Child Abductor.

132.     DEFENDANTS, and each of them, are liable to PLAINTIFFS for the acts of its public employees for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2.

133.    As an actual, direct, proximate, legal, and foreseeable result of DEFENDANTS' acts, omissions, and/or negligence, DEFENDANTS are liable for, and PLAINTIFFS are entitled to recover, their general, special, actual, and compensatory damages, including but not limited to their necessary medical and related expenses, past, present, and future, loss of future earning capacity, and mental, emotional and physical pain and suffering, in an amount presently unknown but which exceeds the minimal jurisdictional requirements of this Court, according to proof at the time of trial.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF FEDERAL CIVIL RIGHTS (42 U.S.C §1983)

**(By PLAINTIFFS against all DEFENDANTS)**

134.    PLAINTIFFS allege and incorporate by reference as though fully set forth at length each and every allegation contained in the preceding paragraphs of this complaint

135.    On information and belief, PLAINTIFFS allege that at all times mentioned herein DEFENDANTS and each of them, owed PLAINTIFFS a duty of care and that they had a special relationship, and that the duties owed to PLAINTIFFS these statutes were grossly and negligently violated by DEFENDANTS.

136.    PLAINTIFFS further allege that DOES 1-50, individual officials, employees, sheriffs, school administrators, and school staff of County Defendants and Defendant CVUSD violated PLAINTIFFS' constitutional rights as described in this Complaint by refusing to perform their duty under law to enforce protective and/or restraining orders and protect the children within county borders and school grounds from harm, and that such willful and/or grossly negligent refusal to perform said duties constituted an unlawful seizure in violation of PLAINTIFFS' constitutional rights as guaranteed by the Fourth and/or Fourteenth Amendments to the United States Constitution, including but not limited to life, liberty, and parental rights.  As a result, PLAINTIFFS are entitled to damages pursuant to 42 U.S.C section 1983, et seq. in an amount to be proven at trial.

137.    As a proximate result of the acts alleged herein, PLAINTIFFS were injured in mind and body, sustained the injuries and damages alleged in the above paragraphs, suffered physical, psychological injuries and severe emotional distress as a result of this incident.  PLAINTIFFS are therefore entitled to

general and compensatory damages in an amount to be proven at trial.

138.    On information and belief PLAINTIFFS further allege that DEFENDANTS' unlawful customs, policies, directives, practices, acts and omissions constituting improper and inadequate hiring, training, retention, discipline, and supervision of its officials, employees, sheriffs, school administrators, and school staff of County Defendants and Defendant CVUSD, proximately caused the constitutional deprivations, injuries and damages alleged herein.  As a result,  PLAINTIFFS are entitled to damages pursuant to 42 U.S.C section 1983, et seq. in an amount to be proven at trial.

139.    These customs, policies, directives, practices, acts and omissions constitute gross negligence and/or deliberate indifference in County Defendant's obligations to ensure the preservation of its citizen's constitutional rights.

140.    On information and belief PLAINTIFFS further allege that DEFENDANTS authorized, directed, condoned, ratified, and/or acted in conscious disregard for the probability that the unconstitutional and unlawful conduct and/or omissions mentioned herein would occur.

141.    DEFENDANTS, and each of them, were at all times aware of each of their actions, condoned and permitted those actions to occur, and thereafter ratified those actions, including but not limited to allowing the Child Abductor to leave with the Plaintiff Minor Child J.J., refusing to pursue the Child Abductor at his residence or attempt to rescue Plaintiff Minor Child J.J., refusing to enforce restraining orders intended to protect Plaintiff Minor Child J.J., and/or permitting the prolonging of the abduction of Plaintiff Minor Child J.J. despite knowing the location where Plaintiff Minor Child J.J. was being held and/or the existence of one or more protective orders protecting Plaintiff Minor Child J.J. from the Child Abductor.

142.    DEFENDANTS, and each of them, are liable to PLAINTIFFS for the acts of its public employees for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2.  As an actual, direct, proximate, legal, and foreseeable result of DEFENDANTS' acts, omissions, and/or negligence, DEFENDANTS are liable for, and PLAINTIFFS are entitled to recover, their general, special, actual, and compensatory damages, including but not limited to their necessary medical and related expenses, past, present, and future, loss of future earning capacity, and mental, emotional and physical pain and suffering, in an amount presently unknown but which

exceeds the minimal jurisdictional requirements of this Court, according to proof at the time of trial.

**EIGHTH CAUSE OF ACTION**

**CIVIL CODE §52, ET SEQ. CIVIL RIGHTS VIOLATIONS**

**(By PLAINTIFFS against all DEFENDANTS)**

143.    PLAINTIFFS allege and incorporate by reference as though fully set forth at length each and every allegation contained in the preceding paragraphs of this complaint

144.    PLAINTIFFS further allege that DOES 1-50, individual officials, employees, sheriffs, school administrators, and school staff of County Defendants and Defendant CVUSD violated Plaintiff's Fourth Amendment rights, as well as Plaintiffs rights guaranteed by California Law and the California Constitution including but not limited to life, liberty, and parental rights and that their acts included threats, intimidation and/or coercion. Therefore, Plaintiff is entitled to damages pursuant to California Civil Code section 52, et seq against said DOES and DEFENDANTS pursuant to the doctrine of respondeat superior.

145.    DEFENDANTS and each of them, by and through their agents, and ratified by the organizations for which those agents worked, threatened, intimidated, and coerced PLAINTIFFS, and such threats, intimidation, and coercion were committed within the scope of the agents' employment and stemmed from his and her work as a sheriff, such that DEFENDANTS are vicariously liable for the torts of their employees under the doctrine of respondeat superior.

146.    As a proximate result of the acts alleged herein, PLAINTIFFS were injured in mind and body, sustained the injuries and damages alleged in the above paragraphs, suffered physical, psychological injuries and severe emotional distress as a result of this incident.  PLAINTIFFS are therefore entitled to general and compensatory damages in an amount to be proven at trial.

147.    On information and belief PLAINTIFFS further allege that DEFENDANTS, through their unlawful customs, policies, directives, practices, acts and omissions constituting improper and inadequate hiring, training, retention, discipline, and supervision of its individual officials, employees, sheriffs, school administrators, and school staff of County Defendants and Defendant CVUSD, proximately caused the constitutional deprivations, injuries and damages alleged herein.  As a result, PLAINTIFFS are entitled to

damages pursuant to California Civil Code section 52, et seq. in an amount to be proven at trial.

148.    These customs, policies, directives, practices, acts and omissions constitute gross negligence and/or deliberate indifference in DEFENDANTS' obligations to ensure the preservation of its citizen's and families' constitutional rights.

149.    On information and belief PLAINTIFFS further allege that DEFENDANTS authorized, directed, condoned, ratified, and/or acted in conscious disregard for the probability that the unconstitutional and unlawful conduct and/or omissions mentioned herein would occur.

150.    DEFENDANTS, and each of them, were at all times aware of the actions of individual officials, employees, sheriffs, school administrators, and school staff, condoned and permitted those actions to occur, and thereafter ratified those actions, including but not limited to allowing the Child Abductor to leave with the Plaintiff Minor Child J.J., refusing to pursue the Child Abductor at his residence or attempt to rescue Plaintiff Minor Child J.J., refusing to enforce restraining orders intended to protect Plaintiff Minor Child J.J., and/or permitting the prolonging of the abduction of Plaintiff Minor Child J.J. despite knowing the location where Plaintiff Minor Child J.J. was being held and/or the existence of one or more protective orders protecting Plaintiff Minor Child J.J. from the Child Abductor.

151.    DEFENDANTS, and each of them, are liable to PLAINTIFFS for the acts of its public employees for conduct and/or omissions herein alleged, pursuant to the doctrine of respondeat superior, codified at California Government Code § 815.2.  As an actual, direct, proximate, legal, and foreseeable result of DEFENDANTS' acts, omissions, and/or negligence, DEFENDANTS are liable for, and PLAINTIFFS are entitled to recover, their general, special, actual, and compensatory damages, including but not limited to their necessary medical and related expenses, past, present, and future, loss of future earning capacity, and mental, emotional and physical pain and suffering, in an amount presently unknown but which exceeds the minimal jurisdictional requirements of this Court, according to proof at the time of trial.

## COMPLIANCE WITH GOVERNMENT CLAIMS ACT

152.    PLAINTIFFS allege and incorporate by reference as though fully set forth at length each and every allegation contained in the preceding paragraphs of this complaint

153.    Under the Government Claims Act, personal injury claims against public entities must be

presented within six months of the accrual of the injury. Failure to timely present a claim bars a plaintiff from filing a lawsuit against the public entity.

154.    Plaintiffs timely presented a written claim to Defendants in accordance with Government Code 900915.4 by mailing via the United States mail on February 9, 2024 separate claims on behalf of Plaintiff Melissa Jennings and Plaintiff J.J. to the Chino Valley Unified School District, the Clerk of the Board of Supervisors Claims Division for the County of Riverside, and to the Risk Management Division of the County of San Bernardino according to each Defendant's government claims procedure.

155.    Plaintiffs timely filed their Complaint against Defendants less than six months following delivery or deposit with the United States mail of Defendants' rejections of Plaintiffs' government claims.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray for judgment against DEFENDANTS, and DOES 1 through 50, as follows:

1.    For general damages in a sum according to proof;

2.    For special damages for medical and related expenses according to proof;

3.    For loss of earning capacity in a sum according to proof;

4.    For costs of suit herein incurred;

5.    For attorney's fees as permitted under and Cal. Civ. Code section 52; and

6.    For such other and further relief as the court may deem proper.

DATED:  July 3, 2025                                **WYMAN LAW GROUP**


BY:  _____
          Brandon L. Wyman, Esq.
          *Attorneys for Plaintiffs J.J. and*
          *Melissa Jennings*

**SECOND AMENDED COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demand a jury trial of each and every cause of action and issue in this case.

DATED:  July 3, 2025                                **WYMAN LAW GROUP**

                                    BY: _____
                                        Brandon L. Wyman, Esq.
                                        *Attorneys for Plaintiffs J.J. and*
                                        *Melissa Jennings*

**SECOND AMENDED COMPLAINT FOR DAMAGES**